IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRAEVON DIXON, | § | |
| | § | No. 150, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1809015332 (S) |
| Appellee. | § | |

Submitted: May 31, 2022
Decided: May 31, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>**ORDER**</u>

After careful consideration of the notice to show cause and the parties' responses,[1] it appears to the Court that:

(1) On May 2, 2022, the appellant, Traevon Dixon, filed a notice of appeal from a Superior Court order, dated March 23, 2022 and docketed on March 24, 2022, denying his motion for postconviction relief. A timely notice of appeal was due on or before April 25, 2022.[2] The Senior Court Clerk issued a notice directing Dixon

---

[1] The appellant has also filed a motion for appointment of counsel in connection with this appeal. Because we remand the matter to the Superior Court for further action and do not retain jurisdiction of this appeal, the motion for appointment of counsel is denied as MOOT.

[2] *See* Del. Supr. Ct. R. 6(a)(iv) (providing that a notice of appeal must be filed "[w]ithin 30 after entry upon the docket of a judgment or order in any proceeding for postconviction relief").

to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Dixon states that he never received a copy of the Superior Court order denying his motion for postconviction relief. At the request of the Court, the State filed a response to the notice to show cause, as well. The State attached to its response the Smyrna prison mail log, which reflects that Dixon did not receive any mail from the Superior Court in March or April 2022.

(3) Because the prison mail log supports Dixon's assertion that he did not receive the Superior Court's March 23, 2022 order in time to file a timely appeal, the State suggests that the matter be remanded to the Superior Court with directions to re-issue the March 23, 2022 order so Dixon may file a timely notice of appeal. We agree that the proper course of action is to remand this matter to the Superior Court. Upon remand, the Superior Court shall re-issue the March 23, 2022 order.

NOW, THEREFORE, IT IS HEREBY ORDERED that this matter is REMANDED to the Superior Court for further action in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

2